**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530,<br><br>Defendant. | ) | Civil Action No.: |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("Defendant") is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue N.W., Washington, DC 20530. Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On July 10, 2025, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking access to the following public records:

> 1. All records of communication between former Deputy Assistant Director Nikki Floris and any other individual or entity regarding the Albany Field Office's September 2020 Intelligence Information Report (IIR) pertaining to the Chinese government's production and export of fraudulent U.S. drivers' licenses. This request includes, but is not limited to, all such records related to the report's dissemination and recall, as well as all records related to the FBI's efforts to evaluate the veracity of the information contained therein or other subsequent investigative activity.
>
> 2. All records of communication between former Deputy Assistant Director Tonya Ugoretz and any other individual or entity regarding the Albany Field Office's September 2020 Intelligence Information Report (IIR) pertaining to the Chinese government's production and export of fraudulent U.S. drivers' licenses. This request includes, but is not limited to, all such records related to the report's dissemination and recall, as well as all records related to the FBI's efforts to evaluate the veracity of the information contained therein or other subsequent investigative activity.

For clarification purposes, the request contained a link to a news release by U.S. Senator Charles Grassley concerning the same subject matter as the request.[1] The time frame of the request was identified as "September 1, 2020 to the present."

6. By letter dated July 21, 2025, the FBI acknowledged receipt of Plaintiff's request and informed Plaintiff that the request had been assigned FOIPA Request No. 1674593-000.

7. Plaintiff has received no further communication from the FBI regarding the request.

8. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. Plaintiff has no adequate remedy at law.

[1] https://www.grassley.senate.gov/news/news-releases/grassley-releases-bombshell-records-showing-fbi-headquarters-interfered-with-alleged-chinese-election-interference-probe-to-shield-christopher-wray-from-political-blowback

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by August 18, 2025, at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: October 27, 2026

Respectfully submitted,

*/s/ Ramona R. Cotca*

Ramona R. Cotca
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Email: rcotca@judicialwatch.org

*Attorney for Plaintiff*